IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM

     Plaintiff,                   No. 2:12-cv-1557 GEB GGH PS

    vs.

CITY OF SACRAMENTO, et al.,      ORDER AND

     Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The court takes judicial notice of the proceedings in United States of America v. Ingram, 2:10-cr-0014 MCE-1 (E. D. Cal.) and Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD. See Fed. R. Evid. 201. In the criminal proceedings, plaintiff herein was declared incompetent and unrestorable based on mental health issues. See case no. 2:10-cr-0014 MCE-1, dkt. nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel and after the declaration of incompetence in the criminal action, a guardian ad litem was

1

1  appointed.  See case no. 2:08-cv-2490 KJM DAD, dkt nos. 87, 88.

2  In this action, plaintiff is neither represented by counsel nor has a guardian ad litem been appointed.  It appears from plaintiff's pleadings that there has been no change in his mental health issues since the declaration of incompetence in the criminal proceedings.  An incompetent person can only proceed if represented by counsel.  Johns v. County of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.").  Id. at 876); see also Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("it is not in the interest of minors or incompetents that they be represented by non-attorneys").

Plaintiff also requests appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.

The district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent civil litigant.  First, however, the court must evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).  On the record before it, the court cannot find a likelihood of success on the merits.  See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in exceptional circumstances and at discretion of trial court).  The complaint is rambling, and in places, incoherent.  The court is unable to discern even a kernel of a claim.

\\\\\

Plaintiff has further requested the appointment of a guardian ad litem. In the absence of counsel, plaintiff may not proceed through a guardian ad litem. For the reasons stated above, the court is unwilling to appoint counsel, and therefore, no guardian ad litem may be appointed in this case.

Of course, even persons with mental difficulties may have potentially meritorious claims which would merit court appointment of a public guardian and counsel. However, the undersigned has reviewed the rambling complaint in this case and finds the asserted claims to be fanciful and not worthy of appointment of a guardian/counsel.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's request for appointment of counsel (dkt. no. 3), is denied.

3. Plaintiff's request for appointment of a guardian ad litem (dkt. no. 4), is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/ingram1557.incomp.wpd

3